IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EILEEN N. SHAFFER, CHAPTER 7 TRUSTEE
for the BANKRUPTCY ESTATE OF
DEBTORS DANNY AND JUDY HALL                                      PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:15-CV-304(HTW)(LRA)

PRIORITYONE BANK, and DOES 1 through 10                         DEFENDANTS

### RESPONSE OF PLAINTIFF TO ORDER TO SHOW CAUSE

COMES NOW, Plaintiff Eileen N. Shaffer, Chapter 7 Trustee for the Bankruptcy Estate of Debtors Danny and Judy Hall ("Trustee"), and files this Response to the Court's September 28, 2015 Order to Show Cause [Doc. # 9], as follows:

1.  On June 29, 2015, Defendant PriorityOne Bank filed it's Motion to Stay Proceeding and Compel Arbitration [Doc. # 6]. The Trustee does not dispute that this case should be stayed pending arbitration of the 18 loans at issue. Therefore, the Trustee did not respond to PriorityOne Bank's Motion under the belief that the Court would grant the Motion as "Unopposed."

2.  Recently, counsel for the parties discussed the possibility of presenting an agreed order to the Court granting the Motion to Stay and sending the case to arbitration. During these discussions, an issue arose as to whether punitive damage provisions in some of the arbitration agreements should be stricken, consistent with Mississippi law. *See, Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 523, ¶ 43 (Miss. 2005) (waiver of punitive damages clause stricken from arbitration agreement as unenforceable).[1] *See, also, Oasis Health and Rehab. of Yazoo*

---

[1] *Vicksburg Partners, L.P.* was subsequently reversed on other grounds. *See*, *Covenant Health and Rehab. of Picayune, L.P. v. Estate of Moulds*, 14 So.3d 695 (Miss. 2009).

*City, LLC v. Smith,* 42 F.Supp. 3d 821, 827 (S.D. Miss. 2014) (over time Mississippi courts have struck clauses in arbitration agreements waiving punitive damages).

  3. In *Vicksburg Partners, L.P.*, the Mississippi Supreme Court deemed a punitive damage clause in an arbitration contract unenforceable when, although not expressly stated, application of the clause would have the practical effect of limiting one party's claims to punitive damages, only. *Id.* There are two aspects of a PriorityOne arbitration agreements that support this Court following the reasoning in *Vicksburg Partners, L.P.*.

  4. First, one of the arbitration agreements has no exclusion for punitive damages.[2] Consequently, the arbitrator could award punitive damages under one arbitration agreement for the same identical conduct for which punitive damages would be excluded under other arbitration agreements.

  5. Second, although PriorityOne may argue otherwise, the practical effect of the exclusion is be to bar the Trustee's claim for punitive damages, only. The specific language at issue follows:

> The arbitrator's award may in no case include an amount for punitive damages, and no combination of **claimants** shall be allowed to participate in the arbitration as a **class** or through any type of **class action**. (emphasis added)[3]

Inclusion of the punitive damages exclusion in this sentence can be read to indicate that the punitive damage exclusion would apply to the claims of the Trustee, only, and not equally to the Trustee and PriorityOne Bank. This "one-sided" exclusion is exactly the type that was struck by

---

[2] *See*, Doc. # 6-10.

[3] *See*, Doc. # 6-1.

the Court in *Vicksburg Partners, L.P.*.

6. While the Trustee agrees that this matter should be stayed pending arbitration, the Trustee would urge the Court to enter an Order compelling arbitration in the form attached at Exhibit "1", which includes a provision striking from any arbitration agreement any clause limiting an award of punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Eileen N. Shaffer, Chapter 7 Trustee for the Bankruptcy Estate of Debtors Danny and Judy Hall, respectfully requests that this Court receive her Response to the Court's Order to Show Cause, deem such Response sufficient, and enter an Order staying these proceedings pending arbitration in the form attached hereto at Exhibit "1".

DATED, this the 9th day of October, 2015.

        Respectfully submitted,

        EILEEN N. SHAFFER, CHAPTER 7 TRUSTEE FOR
        DEBTORS, DANNY AND JUDY HALL


        BY:   */s/ C. Victor Welsh, III*
                C. VICTOR WELSH, III

**CERTIFICATE OF SERVICE**

      I, C. Victor Welsh, III, do hereby certify that I have this day filed and served a true and correct copy of the above pleading on all counsel of record through this Court's Electronic Case Filing System on this the 9th day of October, 2015.

                                              */s/ C. Victor Welsh, III*
                                              C. VICTOR WELSH, III

OF COUNSEL:

EILEEN N. SHAFFER, MSB# 1687
Email: enslaw@bellsouth.net
Post Office Box 1177
Jackson, Mississippi 39215-1177
Telephone: (601) 969-3006
Facsimile: (601) 949-4002


C. VICTOR WELSH, III, MSB# 7107
Email: cvw@pgrwlaw.com
PITTMAN, GERMANY, ROBERTS & WELSH, LLP
410 South President Street (39201)
Post Office Box 22985
Jackson, Mississippi 39225-2985
Telephone: (601) 948-6200
Facsimile: (601) 948-6187