IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EILEEN N. SHAFFER, CHAPTER 7
TRUSTEE for the BANKRUPTCY ESTATE
OF DEBTORS DANNY and JUDY HALL                           PLAINTIFFS

VS                             CIVIL ACTION NO.: 3:15-cv-304-HTW-LRA

PRIORITY ONE BANK, *et al.*                              DEFENDANTS

## ORDER CONDITIONALLY GRANTING INTERVENTION

Before this court is a Motion to Intervene **[Docket no. 13]** filed by James Alton Brassell and Joe Ben Brassell (hereinafter named "Brassells"). Premised upon FRCP Rule 24(a)(1)[1], the Brassells ask this court to allow them to intervene as plaintiffs.[2] Defendant Priority One Bank (hereinafter named "Priority") has opposed the motion to intervene filed by the Brassells. [Docket no. 14]. The bankruptcy trustee, Eileen Shaffer (hereinafter named "Shaffer"), had not responded to the instant motion. For the reasons presented herein, this court conditionally grants the Brassells' motion to intervene. [Docket no. 13].

### I.   PROCEDURAL HISTORY AND FACTS

Shaffer filed the complaint on April 24, 2015 alleging that Priority had committed a commercially unreasonable foreclosure on certain property owned by the debtors. [Docket no. 1]. Priority responded by asking this court to grant a stay in the proceedings and order arbitration on June 29, 2015. [Docket no. 6]. This court granted the stay and ordered arbitration on

---

[1] (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:(1) is given an unconditional right to intervene by a federal statute;
Fed. R. Civ. P. 24

[2] The intervenors are the brothers of debtor Judy Hall. When their mother died, she devised equal, shared interests in certain properties. One of the shared properties, 307 Pearson Road, Pearl, Mississippi, was subject to a loan agreement signed by Judy Hall. Priority foreclosed on the property.

1

November 2, 2015. [Docket no. 10]. The intervenors filed the instant motion on December 22, 2015. [Docket no. 13]. Priority responded in opposition on January 11, 2016. [Docket no. 14].

Subsequently, attorney John Reeves, who filed the instant motion has filed a Motion to Withdraw as Attorney for the Brassells. [Docket no. 15]. Contemporaneously with this order, the court will file a separate order allowing Attorney Reeves to withdraw.

## CONCLUSION

This court has considered all of the submissions of the parties and is persuaded to GRANT the Brassell's Motion to Intervene **[Docket no. 13]**, upon a showing of new counsel who is prepared to intervene. When said attorney files a notice of appearance on behalf of the Brassells, counsel is immediately to contact this court to discuss this matter.

**SO ORDERED** this 25th day of September, 2016.

s/ HENRY T. WINGATE
UNITED DISTRICT COURT JUDGE