**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**EILEEN N. SHAFFER,**                                                              **PLAINTIFF**
**CHAPTER 7 TRUSTEE for the
BANKRUPTCY ESTATE OF DEBTORS
DANNY AND JUDY HALL**

**V.**                                                      **CASE NO. 3:15-CV-00304-HTW-LRA**

**PRIORITYONE BANK**                                                   **DEFENDANT**

**PRIORITYONE BANK'S EMERGENCY MOTION TO CONTINUE HEARING AND
FOR STATUS CONFERENCE TO DETERMINE SCOPE OF HEARING**

Defendant PriorityOne Bank (the "Bank") files its Emergency Motion to Continue Hearing and For Status Conference to Determine Scope of Hearing, as follows:

1. On August 18, 2020, the Court entered a text-only order stating that the Court plans to conduct a telephonic hearing on all pending motions in this case, and that the Court will hear sworn testimony regarding the following issues:

    i. When did the Bank become aware of the alleged conflict, and how did this information come to light? More specifically, this Court wants to ascertain whether PriorityOne Bank had knowledge of the Arbitrator's financial relationship with the Bank prior to communicating that conflict to its attorneys, as indicated in Timothy Anzenberger's Affidavit, Docket no. 72.6;

    ii. What measures, if any, were taken by both parties to check for possible conflicts before selecting the Arbitrator?

    iii. The Court may wish to hear from the Arbitrator regarding his process for filing out the disclosure forms prior to undertaking his role in this matter.

2. Further, the order provided that the parties shall advise the Court, in writing, within five (5) days of the order whether they have any legal objections to the aforementioned inquiries.

3. The hearing was originally scheduled for September 3, 2020, at 10:00 a.m.

4. On August 25, 2020, the Bank filed its *Objection and Request for Clarification Regarding Court's Text-Only Order Dated August 18, 2020* [Doc. 99] (the "Objection").

5. Also on August 25, 2020, Plaintiff's counsel submitted Plaintiff's letter response to the text-only order dated August 18, 2020, to the Court and the Bank's counsel via email transmission.

6. On August 31, 2020, the Court entered the following text-only order, *inter alia*, rescheduling the hearing for September 4, 2020:

> Docket Text:
> TEXT ONLY ORDER. This Court, having considered all submitted objections to its Text Only Order dated August 18, 2020, hereby advises the parties that the Court shall proceed with a telephonic hearing on Friday, September 4, 2020 at 10:00 o'clock AM. During the course of the telephonic hearing, the Court will address whether the Arbitrator John Corlew's arbitration award should be vacated based on an alleged conflict of interest between the Arbitrator and PriorityOne Bank. The Court will hear oral argument as to whether Defendant PriorityOne Bank has waived its attorney-client privilege, and whether counsel from Adams and Reese LLP Law Firm should be disqualified.
>
> If the Court finds a conflict of interest exists between the Arbitrator and PriorityOne Bank, the pending motions in front of this Court need not be discussed. If, however, this Court finds no conflict of interest, then this Court shall take up pending motions requesting discovery and a Rule 16 Conference. NO FURTHER WRITTEN ORDER SHALL FOLLOW.
>
> Signed by District Judge Henry T. Wingate on 8/31/2020 (nd)

7. The following motions are currently pending before the Court in this matter:

   i. Plaintiff's Motion to Confirm Arbitration Award and For Entry of Final Judgment [Doc. 37];

   ii. Plaintiff's Motion to Determine Waiver of the Attorney-Client Privilege and Work Product Doctrine [Doc. 45];

   iii. Plaintiff's Motion to Disqualify Counsel From the Adams and Reese LLP Law Firm [Doc. 50];

   iv. Defendant's Amended Motion to Vacate or, Alternatively, Modify Arbitration Award [Doc. 52];

   v. Defendant's Motion to Quash and For Protective Order [Doc. 64];

   - Joined by Adams and Reese LLP, C. Phillip Buffington, Jr., G.

      Robert Parrott II, and Timothy J. Anzenberger [Doc. 66];

  vi. Plaintiff's Motion for Summary Judgment [Doc. 71];

  vii. Defendant's Motion for Rule 16 Conference [Doc. 79];

  viii. Plaintiff's Motion to Deny Defendant's Request for Further Discovery [Doc. 83];

  ix. Defendant's Motion for Additional Discovery Under Rule 56(D) of the Federal Rules of Civil Procedure [Doc. 87];

  x. Plaintiff's Motion to Award Attorney's Fees [Doc. 91];

## MOTION TO CONTINUE HEARING

8. First, the Bank requests that the Court continue the hearing currently scheduled for September 4, 2020. Both parties have advised the Court that they believe the hearing should be continued. On August 31, 2020, Plaintiff's counsel communicated his request to reschedule to hearing due to the unavailability of Plaintiff on September 4, 2020. On September 1, 2020, the Bank's counsel emailed the Court its agreement that the hearing should be rescheduled, advising that two of the Bank's witnesses were unavailable on September 4, 2020. In addition, the Bank subpoenaed the Arbitrator to appear on September 3rd, and it is unclear whether the Arbitrator should appear and, if so, whether the subpoena is valid for September 4, 2020.

## MOTION FOR STATUS CONFERENCE TO DETERMINE SCOPE OF HEARING

9. Second, while the parties have both indicated to the Court that the hearing should be rescheduled, the parties disagree on the scope of the hearing and, therefore, the Bank requests that the Court conduct a status conference for the purpose of determining the scope of the hearing and selecting a new hearing date.

10. The Court's most recent text-only order indicates that the scope of the hearing will cover whether the Bank has waived the attorney-client privilege, whether counsel for Adams and

Reese LLP should be disqualified, and whether the arbitration award should be vacated based on the Arbitrator's undisclosed conflict.  Further, the order states that the Court will only take up the other pending motions, including those requesting discovery and a Rule 16 conference, in the event it finds no conflict.

11.     The Bank agrees that the Plaintiff's motions to determine waiver of attorney-client privilege and to disqualify Adams and Reese LLP [Docs. 45, 50] are preliminary matters that the Court should decide before a hearing on any other matters.  However, the Court should also rule on the pending discovery motions relating to the conflicts issue [Docs. 83, 87], and allow the Bank the opportunity to conduct and complete discovery on the conflicts issue, as it has attempted to do, prior to conducting a hearing on the conflicts issue.

12.     As discussed in the Bank's Objection filed August 25, 2020 [Doc. 99], the Bank has not had the opportunity to complete discovery relating to the conflicts issue.  On March 25, 2020, the Bank filed a *Motion for Rule 16 Conference* [Doc. 79], requesting a telephonic case-management conference to set scheduling order, including a discovery deadline.  The Bank also issued and served subpoenas to the Arbitrator for documents and a deposition [Docs. 81, 82].  In response to the Bank's subpoenas, Plaintiff argued that the Bank should not be allowed conduct discovery and filed a *Motion to Deny Defendant's Further Request for Discovery* [Doc. 83], despite Plaintiff previously taking her own post-award discovery.  The Bank then filed a *Motion for Additional Discovery Under Rule 56(D) of the Federal Rules of Civil Procedure* [Doc. 87].  These motions [79, 83, 87] remain pending.  Although the Arbitrator has produced documents to the parties, the Bank has not reviewed them in good faith due to Plaintiff's pending motion to deny the Bank's discovery.  Although this was communicated to Plaintiff, Plaintiff's counsel has reviewed the documents while also arguing this discovery should not be permitted.  *See* [Doc. 99-

4

1]. In sum, the Bank will be prejudiced if it is unable to complete discovery prior to a hearing on the conflicts issue and, as such, the Bank requests that the Court hear and rule on these motions [Doc. 79, 83, 87] before conducting a hearing on the conflicts issues.

13. The Bank has not had the opportunity to review the documents produced by the Arbitrator, as it has represented to the Court and Plaintiff's counsel it would not do in light of the pending discovery dispute, nor has the Bank had the opportunity to depose the Arbitrator and evaluate whether the Arbitrator has fully responded to the subpoena. This discovery goes to the heart of the conflicts issue and must be completed before the Court conducts an evidentiary hearing on the conflicts issue.

14. The Court should hold a hearing on Plaintiff's motion to determine waiver of privilege [Doc. 45], Plaintiff's motion to disqualify counsel [Doc. 50], the Bank's motion for rule 16 conference [79], Plaintiff's motion to deny discovery [83], and the Bank's motion for additional discovery [87] prior to a hearing on the conflicts issue.

15. For the above reasons, the Bank requests that the Court conduct a status conference for the purposes of rescheduling the hearing currently scheduled for September 4, 2020, and to determine the scope of the hearing in advance of the rescheduled hearing date.

**WHEREFORE**, the Bank prays that its Motion is well taken and that the Court enter an order continuing the hearing currently scheduled for September 4, 2020, and scheduling a telephonic status conference for the purposes of determining the scope of the hearing and a new hearing date.

Dated: September 2, 2020.

**PRIORITYONE BANK**

By: /s/ Robert Parrott
*One of Its Attorneys*

OF COUNSEL:

C. Phillip Buffington, Jr. (MSB No. 7035)
Timothy J. Anzenberger  (MSB No. 103854)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone:	601.353.3234
Facsimile:	601.355.9708
phil.buffington@arlaw.com
tim.anzenberger@arlaw.com

G. Robert Parrott II (MSB No. 103970)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone:	504.581.3234
Facsimile:	504.566.0210
robert.parrott@arlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

    Dated: September 2, 2020.

/s/ Robert Parrott
Robert Parrott